UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 10-485 (WJM) |
| v. | : | Hon. William J. Martini<br>United States District Judge |
| RONALD OTTAVIANO, et al. | : | |

---

MEMORANDUM OF THE UNITED STATES IN SUPPORT OF
MOTION TO DISMISS COUNTS 11 AND 14 OF THE SUPERSEDING INDICTMENT

---

PAUL J. FISHMAN
United States Attorney
970 Broad Street
Newark, New Jersey 07102
(973) 645-2700

On the Memorandum:

CHRISTOPHER J. KELLY
GURBIR S. GREWAL
Assistant U.S. Attorneys

## PRELIMINARY STATEMENT

The United States hereby moves for an Order granting leave to dismiss Counts 11 and 14 of the Superseding Indictment. In addition, the United States seeks leave to dismiss a number of overt acts alleged in Count 1 of the Superseding Indictment. The Government seeks dismissal of these counts and allegations in order to streamline the case and the evidence presented at trial.

## ARGUMENT

Rule 48 of the Federal Rules of Criminal Procedure provides that the government may dismiss an indictment "with leave of court." The rule permits the dismissal of fewer than all counts of the indictment. *United States v. Kellam*, 568 F.3d 125, 133 at n.10 (4th Cir. 2009). Generally, a motion to dismiss counts of an indictment is granted as a matter of course so long as the motion is not made in bad faith. *See In re Richards*, 213 F.3d 773, 787 (3d Cir. 2000) ("A court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'") (*quoting United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985)); *see also United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995) ("A motion [to dismiss an indictment] that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted."). Here, the Government's motion is brought solely to streamline the case and the evidence presented at trial, and not for any bad faith purpose.

As noted, the United States seeks to dismiss the two evasion of payment counts (Counts 11 and 14) contained in the Superseding Indictment, which relate to defendants Ottaviano and Balice, respectively. In addition, the Government seeks to dismiss the following paragraphs in the Superseding Indictment, which allege various overt acts in support of Count 1: 33, 37, 42, 46,

53, 56, 58, 59, 60, 62, 68, 74 and 75.[1] Dismissal of these counts and allegations will permit the Government to narrow the issues and evidence – both testimonial and documentary – that will be presented to the jury, and streamline the trial of this case. This motion does not affect the remaining counts against defendants Ottaviano and Balice; nor does it otherwise affect any of the counts against defendants Foster, Calle and Done. A copy of the Government's proposed redacted Superseding Indictment is attached hereto as Exhibit A.

## CONCLUSION

For all of these reasons, the Government respectfully requests that the Court grant leave to dismiss Counts 11 and 14 and the above-listed paragraphs of the Superseding Indictment.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

/s Christopher J. Kelly

CHRISTOPHER J. KELLY
GURBIR S. GREWAL
Assistant U.S. Attorneys

cc: Ronald Ottaviano, *pro se* (via United States mail)
All counsel (via ECF)

---

1. The Superseding Indictment originally alleged 47 separate overt acts in support of Count 1, which charges all defendants with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. See *Superseding Indictment* at ¶¶ 31-79. By this motion, the United States seeks to dismiss just 13 of the 47 alleged overt acts. Of course, the Government need prove just one overt act committed by any of the defendants to support a conviction on this count. See *United States v. Sease*, 261 Fed. Appx. 404, 406 (3d Cir. 2008) ("The original indictment listed nine acts in furtherance of the conspiracy, any one of which would have established the 'overt act' requirement of 18 U.S.C. § 371.").